UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EARL WALKER,

              Plaintiff,

v.                                                        Case No. 25-cv-557-pp

JOHN DOE,

              Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Robert Earl Walker, who is incarcerated at the Wisconsin Resource Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

      On April 23, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $5.90. Dkt. No. 5. The court received that fee on May 19, 2025. The

1

court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues defendant John Doe, who works at the Wisconsin Resource Center. Dkt. No. 1 at 1-2. The plaintiff alleges that in August 2023, John Doe entered his hospital room at shift change, around 11:00 p.m. Id. at 2. At that time, the plaintiff allegedly "was entering the restroom to toss out swab sticks, John Doe ran behind [the plaintiff] and stated to [him] if you are going to use the bathroom you're not closing the door and that I'm going to be in there with you!" Id. The plaintiff states that he told both PCTs (presumably, patient care technicians) to call their supervisors, but that John Doe told them not to do that. Id. The plaintiff allegedly got very upset and again asked the PCTs to call their supervisors or for John Doe to leave the room. Id. at 2-3.

The plaintiff states that he said that "no one else is going to ever be in the bathroom with me while I'm using it, and that you don't even have a rule to govern such a thing and I know that's not legal!" Id. at 3. John Doe allegedly caused a situation that caused the plaintiff's heart monitor to peak to "alarming highs" and scared his observing nurse. Id. The plaintiff says that

3

security escorted John Doe from the plaintiff's room. Id. For relief, the plaintiff seeks substantial financial compensation. Id. at 4.

C.  Analysis

The plaintiff alleges that John Doe told him not to close the bathroom door as the plaintiff entered the bathroom and that John Doe said that Doe had to be in the bathroom while the plaintiff used it. The plaintiff states that he refused and got very upset, and that security escorted John Doe from the plaintiff's room. The plaintiff does not allege that John Doe entered the bathroom. He says that he was at a hospital during the events described in the complaint. It is not clear if he was at the Wisconsin Resource Center, which is a treatment center for state prison residents in need of specialized mental health services, or another hospital. The plaintiff states that John Doe works there.

"[T]he Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand." Henry v. Hulett, 969 F.3d 769, 779 (7th Cir. 2020). In Johnson v. Phelan, 69 F.3d 144, 145 (7th Cir. 1995), overruled in part on other grounds by Henry, 969 F.3d at 779, the court of appeals rejected a Fourth Amendment challenge to male incarcerated persons having to undress, shower and use the toilet without privacy, sometimes with female officers observing them. Johnson, 69 F.3d at 145. And although Henry overruled Johnson to the extent that Johnson deemed the Fourth Amendment inapplicable to visual inspections during bodily searches, Henry reaffirmed that "the result in Johnson would have been no different under a reasonableness analysis, given the limited nature of the intrusions at

4

issue and the ever-present institutional concerns over safety and security." Henry, 969 F.3d at 783.

The plaintiff is incarcerated, and security reasons justify surveillance of incarcerated individuals while using the restroom. See Johnson, 69 F.3d at 145 (Surveillance of incarcerated individuals is "essential."). The plaintiff's allegation that John Doe did not want to allow him privacy in the bathroom does not amount to a constitutional violation. See Sanders v. Kingston, 53 F. App'x 781, 783-84 (7th Cir. 2002) ("Because the need to watch prisoners closely is a legitimate institutional concern, a prisoner is entitled to little if any privacy, even when using the bathroom or taking a shower.") (citing Johnson, 69 F.3d at 146). The court will dismiss the complaint for failure to state a claim. It does not appear that the plaintiff could state a claim for violation of his constitutional rights. But the court will give him an opportunity to file an amended complaint regarding the allegations he brings in the complaint.

If the plaintiff chooses to file an amended complaint, he must follow these instructions. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case—25-cv-557—on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

5

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **August 13, 2025**. If the court receives an amended complaint by the end of the day on August 13, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the August 13, 2025 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$344.10** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

6

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Director of the Wisconsin Resource Center, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 14th day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**